## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARIA DIFRANCO, as the Independent Administrator of the ESTATE OF MARCO DIFRANCO, Deceased, | |
| Plaintiff, | Case No. 21-cv-01600 |
| v. | |
| CITY OF CHICAGO, a municipal corporation. | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION & ORDER

Maria DiFranco, as independent administrator of the estate of Marco DiFranco, brings this suit against the City of Chicago ("the City"), alleging claims under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et seq*., and the Illinois Wrongful Death Act ("IWDA"), 740 ILL. COMP. STAT. 180/0.01 *et seq*. The City moves for partial judgment on the pleadings [77], asserting as an affirmative defense that the IWDA claim in Count V is barred under the Workers' Occupational Diseases Act, 820 ILL. COMP. STAT. 3/1 ("ODA"). For the reasons stated below, the motion is denied.

## BACKGROUND

The Court assumes familiarity with its ruling denying the City's motion to dismiss. [44, 45].

Marco DiFranco suffered from cystic fibrosis, a permanent and progressive lung disease, and cystic fibrosis-related diabetes. Dkt. 1 at ¶ 9. At the time of his death, he was employed as a Chicago Police Department ("CPD") police officer. *Id*. at ¶ 1. Marco informed the City of his cystic fibrosis and cystic fibrosis-related diabetes when he began working for CPD in May 1998. *Id*. at ¶ 11.

On March 19, 2020, Marco received an email from CPD's Chief Communications Officer advising all CPD employees of the CDC's guidance, in light of the COVID-19 pandemic, that individuals with "health conditions like heart disease, diabetes, and lung disease are more likely to have serious illness" if they contract COVID-19. *Id*. at ¶ 22; Dkt. 1-2 at 9. The email instructed employees who "believe[d] that [their] … medical condition places [them] at a higher risk of serious illness from COVID-19" to "contact the Medical Section of the Chicago Police Department to discuss next steps." Dkt. 1 at ¶ 22; Dkt. 1-2 at 9.

Less than two hours after Marco received the email, his doctor sent a letter to the Medical Section stating that Marco had cystic fibrosis and cystic fibrosis-related diabetes. Dkt. 1 at ¶ 26; Dkt. 1-2 at 11. The letter stated that, "[w]ith this underlying lung condition and these comorbidities, [Marco] is at higher risk of developing serious illness from COVID-19," and asked that he "be given the opportunity to work remotely or be provided with alternative accommodations to distance himself from others while at work." Dkt. 1 at ¶ 26; Dkt. 1-2 at 11.

Marco followed up with the Medical Section multiple times between March 20 and April 2, but did not hear back from a City doctor, nor was his request approved. Dkt.

1 at ¶¶ 28-34, 43-46, 57, 59-61. The City and CPD did approve some requests made by other employees, including requests made after Marco's on March 19. *Id.* at ¶ 62. (emphasis added).

Between March 19 to March 27, as required by CPD policy, Marco continued to report to work at Homan Square, as he had neither received information about his accommodation request nor received clearance from the City to take medical leave, using a biometric palm scanning system and communal elevators to enter the building. *Id.* at ¶¶ 45, 47, 48-51. On March 23, Marco received a call from his commanding officer, Commander Ronald Kimble, who berated Marco for his request. *Id.* at ¶ 36-39. On March 28, Marco began experiencing COVID-19 symptoms. *Id.* at ¶ 53. On March 29, Marco tested positive for COVID-19 and was hospitalized. *Id.* at ¶ 55. Marco died on April 2 of COVID-related complications. *Id.* at ¶ 56. CPD classified his death as being in the line of duty. *Id.* at ¶ 58. On March 31, 2021, Maria DiFranco timely filed this suit. *Id.*

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment solely on the pleadings. FED. R. CIV. P. 12(c). Pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (internal citation omitted). This Court reviews Rule 12(c) motions under the same standards as a motion to dismiss under Rule 12(b)(6). *Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867 (7th Cir. 2021); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Accordingly, this

Court takes all facts pleaded in the amended complaint as true and draws all reasonable inferences and facts in favor of the nonmoving party. *Mesa*, 994 F.3d at 867.

## DISCUSSION

### I. ODA Preclusion

The City argues that the IWDA claim is precluded because the Workers' Occupational Disease Act ("ODA") provides the exclusive remedy for Marco's injuries. The ODA provides compensation for diseases arising out of employment. 820 ILL. COMP. STAT. 310/1(d); *Daniels v. Venta Corporation*, 2022 IL App (2d) 210244, ¶ 16. The ODA is modeled after the Illinois Workers' Compensation Act ("IWCA"). *Id* ¶ 17. The Illinois Legislature intended to establish a new framework for recovery, replacing the common-law rights and liabilities that governed employee injuries. *Id*. (collecting cases). In exchange for a no-fault system "upon the employer, the employee is subject to statutory limitations on recovery for injuries and occupational diseases arising out of and in the course of employment." *Id*. ¶ 17. Both the ODA and the IWCA contain exclusive remedy provisions. *Folta v. Ferro Engineering,* 2015 IL 118070, ¶ 12 (citing *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill. 1990)). The ODA's exclusive remedy provision is provided in Sections 5 and 11 of the Act:

§ 5. There is no common law or statutory right to recover compensation or damages from the employer for or on account of any injury to health, disease, or death therefrom, other than for the compensation herein provided. …

§ 11. [T]he compensation herein provided for shall be the full, complete and only measure of the liability of the employer *bound by election* under this Act and such employer's liability for compensation and medical

4

> benefits under this Act shall be exclusive and in place of any and all other civil liability whatsoever, at common law or otherwise, to any employee or his legal representative on account of damage, disability or death caused or contributed to by any disease contracted or sustained in the course of the employment.

820 ILL. COMP. STAT. 310/5(A); 820 ILL. COMP. STAT. 310/11 (emphasis added).

For purposes of judicial construction, the corresponding exclusivity provisions in Sections 5 and 11 of the ODA and the IWCA have been viewed analogously. *Folta*, 2015 IL 118070 ¶ 13; *see also TKK USA, Inc. v. Safety Nat. Cas. Corp.*, 727 F.3d 782, 789 n.2 (7th Cir. 2013) ("The [IWCA] and ODA are so closely related that the Illinois Supreme Court interprets them together and uses case law interpreting each to interpret the other."). Thus, caselaw that has construed the exclusive remedy provisions found in the IWCA have also applied in the ODA context. *Folta*, 2015 IL 118070 ¶ 13.

Both the ICWA and the ODA are limited by the way they define a covered employee and employer. The IWCA specifically excludes "any duly appointed member of a police department in any city whose population exceeds 500,000 according to the last Federal or State census…" from its definition of "employee". 810 ILL. COMP. STAT. 305/1(b)(1). The parties agree Chicago police officers are not covered by the IWCA. But the parties disagree as to the ODA's inclusion of Chicago police officers.

The ODA does not specifically exclude Chicago police officers. Rather, the ODA identifies categories of protected employees by recognizing which employers are, or are not, within its coverage. Section 1 defines "employer" to mean "[t]he state and each county, city, township, incorporated village, school district, body politic or

municipal corporation therein." 820 ILL. COMP. STAT. 310/1.[1] The remaining pertinent section of the ODA, Section 2(b), specifies that employers not included in "Section 2(a) may elect to provide and pay compensation for disability or death resulting from occupational diseases". 820 ILL. COMP. STAT. 310/2(b).

At this stage, whether or not the City elected into coverage for its officers under the ODA is not clear. It is undisputed that Chicago police officers are excluded from the IWCA. And while Section 2(b) of the ODA outlines the process for employers to voluntarily opt into coverage, the Complaint does not allege coverage. Therefore, at this stage, this Court is unable to determine whether the City has elected ODA coverage.

The City argues that the ODA defines "COVID-19 first responder or front line worker" to include individuals employed as police personnel, thus Chicago police officers are presumptively included. The Court and plaintiff agree that Chicago police officers are indeed first responders, but Chicago police officers are a class of first responders who have been *expressly exempted* from IWCA's coverage. *See e.g.*, *Daggs v. Pan Oceanic Eng'g Co.*, 2020 IL App (1st)190577-U, ¶ 14 (Ill. App. 2020) (finding any duly appointed member of a police department in any city whose populations exceeds 500,000 does not qualify as an employee covered under the IWCA). Given that caselaw treats the two statutes as analogous and construing the facts and reasonable inferences in favor of the non-moving party, the Court will not assume

---

[1] Neither party relies on Section 2(a) of the Act that covers employers engaged in extra hazardous enterprises. 820 ILL. COMP. STAT. 310/2(a).

that Chicago police officers are included in the ODA's coverage without proof of election.[2] The Court denies the City's partial motion for judgment on the pleadings.

## Conclusion

For the reasons stated above, the Court denies the City's motion for partial judgment on the pleadings [77].

E N T E R:

Dated: November 21, 2023

_____
MARY M. ROWLAND
United States District Judge

---

[2] This Court disagrees that extensive discovery would be required to prove the City elected into ODA coverage. The City can provide proof of its notice of election to the Illinois Worker's Compensation Commission or provide proof of its liability insurance to pay compensation under the Act, as the ODA outlines. 820 ILL. COMP. STAT. 310/2(c).